UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT PARNELL | CIVIL ACTION |
| VERSUS | NO: 10-0074 |
| JEFFERSON PARISH SHERIFF'S OFFICE ET AL | SECTION: "N" (4) |

### REPORT AND RECOMMENDATION

Before the Court is a **Motion for Emergency ExParte Injunction (R. Doc. 4)** filed by the plaintiff seeking the entry of an order prohibiting the defendants from requiring him and other inmates from cutting their dreadlocks. Also, before the Court is a **Motion to set Aside Fees (R. Doc. 5)** and a **Motion to Include all Pre-convicted inmates as Petitioners in this case (R. Doc. 6)**. Before considering the subject motions, the undersigned will proceed with its statutorily required review for frivolousness.

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. Factual Background

The plaintiff, Albert Parnell ("Parnell"), is a pretrial detainee housed in the Jefferson Parish

Correctional Center ("JPCC") in Gretna, Louisiana. Parnell filed this suit pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Sheriff's Office and the Jefferson Parish Correctional Center. Parnell alleges that the Jefferson Parish Correctional Center has a new policy or previously unenforced policy which requires the removal of hair styles, which Parnell contends violates his First Amendment right to Freedom of Expression.

He complains that the facilities disciplinary procedure denies its inmates the right to appeal the charges or the ability to assert a defense against the charges. He therefore seeks an order enjoining the defendants from forcing pre-trial detainees from removing their dreadlocks and or braided hairstyles. He further seeks the reinstatement of the rights of all pre-trial detainees and further to require the defendants to provide an appeal process as outlined in his inmate handbook.

**II.     Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged

are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III. Improper Defendants

Parnell named the Jefferson Parish Correctional Center ("JPCC") as a defendant in this matter. He has also named the Jefferson Parish Sheriff's Office as defendants in this action.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Under federal law, a county prison facility is not a "person" within the meaning of the statute.[1] *Cullen v. DuPage County*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D.

---

[1] Federal courts have consistently dismissed § 1983 claims against non-legal entities such as local sheriff and police departments. *Darby*, 939 F.2d at 313-14 (police department not a separate legal entity capable of being sued); *Cozzo v. Tangipahoa Parish Counsel*, 279 F.3d 273, 283 (5th Cir. 2002) (citing *Porche v. St. Tammany Parish Sheriff's Office*, 67 F. Supp. 2d 631, 635 (E.D. La. 1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit")); *Causey v. Parish of Tangipahoa*, 167 F. Supp.2d 898, 909 (E.D. La. 2001) (the "Parish Sheriff's Department" is not a proper party defendant because "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff."); *see also Piearson v. Corr. Ctr. Lafayette Parish*, No. 06-1316, 2006 WL 4012476, at *3 (W.D. La. 2006); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D.La. 1998); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (plaintiff's § 1983 claim against sheriff's department must be dismissed because sheriff's department was not a suable entity); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (dismissing a § 1983 claim against a sheriff's department); *Rideau v. Jefferson County*, 899 F. Supp. 298, 301 (E.D. Tex. 1995) (citing *Alcala v. Dallas County Sheriff*, 988 F.2d 1210 (5th Cir.1993)); *Pierre v. Schlemmer*, 932 F.Supp. 278, 280 (M.D. Fla. 1996) (dismissing § 1983 claim against a police department); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *Dillon v. Jefferson County Sheriff's Dep't*, 973 F. Supp. 626, 628 (E.D. Tex. 1997) (narcotics task force not a separate legal entity amenable to suit); *see also Wright v. El Paso County Jail*, 642 F.2d 134, 136 n.3 (5th Cir. 1981) (the county rather than the county jail is the legal entity with capacity to be sued); *Oladipupo v. Austin*, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000).

3

Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). Thus, the JPCC and the Jefferson Parish Sheriff's Office are clearly not proper defendants in this case.

In addition, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure and state law. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed.R.Civ.P. 17(b). Thus, the Court will look to Louisiana law to determine if JPCC can be sued.

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24 (2009).

Although Louisiana courts have not ruled on the issue of whether a Parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage & Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts*, 634 So. 2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing, and

4

operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. Ct. App. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeals held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." *Id*. at 613.

Furthermore, Louisiana law divides the responsibility for its Parish jails. The Parish is charged with its jails' physical maintenance. La. Rev. Stat. Ann. § 15:702 (2009). However, the duty to administer and operate the jails falls on the Sheriff of each Parish. La. Rev. Stat. Ann. § 15:704 (2009). The office of sheriff is a constitutionally created office in Louisiana, existing separately from the Parish government. La. Const. art. 5 § 27; *see Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. Ct. App. 1991) (holding that the parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts* framework, the jail facilities are not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff. *See Roberts*, 634 So. 2d at 347. The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998)(dismissing with prejudice the St. Tammany Parish Jail as an improper defendant). Accordingly, Parnell's claims against JPCC should be dismissed as frivolous and for failure to state a claim for which relief can be granted.

Parnell also named the Jefferson Parish Sheriff's Office as a defendant. However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action. *Cozzo v.*

5

*Tangipahoa Parish Council–President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002); *see also Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Fitch v. Terrebonne Parish Sheriff Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006); *Martinez v. Larpenter*, No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the claim against the Jefferson Parish Sheriff's Office must be dismissed.

Having determined that Parnell's claims are legally frivolous, the Court also finds that Parnell's **Motion for Emergency ExParte Injunction (R. Doc. 4)**, **Motion to Set Aside Fees (R. Doc. 5)**, **Motion to Include All Pre-Convicted Inmates as Petitioners in this Case (R. Doc. 6),** are **MOOT**.

## IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the plaintiff, Albert Parnell's claims pursuant to Title 42 U.S.C. § 1983 against the Jefferson Parish Correctional Center and the Jefferson Parish Sheiff's Office be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and §1915A.

**IT IS FURTHER ORDERED** that the **Motion for Emergency ExParte Injunction (R. Doc. 4)**, **Motion to Set Aside Fees (R. Doc. 5)**, **Motion to Include All Pre-Convicted Inmates as Petitioners in this Case (R. Doc. 6) are MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 30th day of March 2010.

**KAREN WELLS ROBY**  
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.